# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| INTELLECTUAL PIXELS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC;<br><br>Defendant. | Case No. 8:19-cv-01432-JVS-KES<br><br>**STIPULATED COVID-19 ADDENDUM TO PROTECTIVE ORDER (DOCKET NO. 49)**<br><br>Jury Trial Demanded |

1    WHEREAS, Plaintiff Intellectual Pixels Limited ("IPL") and Defendant Sony
2 Interactive Entertainment LLC ("SIE") (collectively, "the Parties") have worked
3 together to reconcile the needs of this case with the exigencies of the ongoing public
4 health emergency;

5    WHEREAS, the Parties believe that discovery in this action is likely to involve
6 production of confidential and proprietary source code for which special protection
7 from public disclosure and from use for any purpose other than prosecuting this
8 litigation may be warranted;

9    WHEREAS the Court entered the Parties Stipulated Protective Order on
10 November 15, 2019 (Dkt. No. 49) ("the Protective Order");

11    WHEREAS, after the Parties entered into the Protective Order, the outbreak of
12 the novel coronavirus (COVID-19) has been declared a global pandemic by the World
13 Health Organization, and the Centers for Disease Control and Prevention has
14 described the outbreak of COVID-19 in the United States as a "rapidly evolving
15 situation" and has recommended social distancing to limit further community spread
16 of COVID-19;

17    WHEREAS, in response to the COVID-19 pandemic, numerous states and
18 localities have issued "shelter-in-place" or "stay-at-home" orders and advisories as
19 part of their efforts to prevent the spread of the disease, including those currently in
20 place in Texas, California, Massachusetts, and Washington, D.C., which vary in scope
21 and duration but generally require businesses not considered "essential" to close their
22 physical offices and continue their operations remotely;

23    WHEREAS, in addition to these orders and advisories, numerous state and
24 federal courts, including the U.S. District Court for the Central District of California,
25 have issued Orders restricting or preventing public access to courthouses given the
26 severity of risk to persons by the spread of COVID-19;

27
28

-1-
STIPULATED COVID-19 ADDENDUM TO PROTECTIVE ORDER
Case No. 8:19-cv-01432-JVS-KES

WHEREAS, it is not possible to permit the parties to inspect one another's source code pursuant to the in-person review procedures of the existing Protective Order due to the public health orders and advisories summarized above;

WHEREAS, solely during this period of national and international public health emergency, and terminating once the in-person inspection provisions the Protective Order can again be followed, SIE is willing to substitute certain important security precautions with alternate provisions intended to approximate as closely as practicable the same level of security while allowing discovery in this action to continue while the public health restrictions are in place; and

WHEREAS, Plaintiff acknowledges the exceptional exigencies presented by the international health emergency and will not later argue that SIE's accommodations during this emergency constitute a proper approach in any other circumstances;

NOW THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. **Scope of Order**. This COVID-19 Addendum to the Protective Order shall be effective immediately upon entry and shall continue in effect until the in-person inspection regime of the Protective Order can be reinstated or August 1, 2020, whichever is sooner.

2. **Modifications to Paragraph 10 of Protective Order (Dkt. No. 49).** While this COVID-19 Addendum to the Protective Order is in effect, Paragraph 10 of the Protective Order in this action shall be modified as follows:

   (a) Access to a Party's Source Code Material shall be provided only on single "stand-alone" computer (the "Source Code Computer"). The Source Code Computer may not be connected to any network, including a local area network ("LAN"), an intranet, or the Internet. All network and USB ports and

        wireless transmitters shall be disabled and the Source Code Computer shall not be connected to a printer in any way. The Source Code Computer may be encrypted and/or protected by two-factor authentication. The Source Code Computer will be shipped (via hand carry, Federal Express, or other similarly reliable courier) by the producing Party to a single location mutually agreed upon by the Parties, which may include the primary residence of the receiving Party's Outside Consultant that has signed the Revised Undertaking Form (Appendix A). The Source Code Computer may not be removed from said single location, except to be returned to Defendant via hand carry, Federal Express, or other similarly reliable courier. The Source Computer shall be returned to Defendant within ten (10) days of the expiration of the COVID-19 Addendum to the Protective Order;

(b) The receiving Party shall make reasonable efforts to restrict its requests for access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. Pacific Time on weekdays, upon five (5) business days' notice. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computer outside of normal business hours. At each scheduled date and time for inspection, the producing Party shall provide the receiving Party's representative reviewing the Source Code (the "Reviewer") a time-varying passcode to allow access to the Source Code Computer. At the end of inspection, the Reviewer shall log out and shutdown the Source Code Computer, and is not permitted to access the Source Code Computer outside of agreed-upon times. The producing Party shall be permitted to initiate a

|   |   |
|---|---|
| 1 | video conferencing session with the Reviewer, using a computer separate |
| 2 | from the Source Code Computer, to visually monitor the activities of the |
| 3 | Reviewer during the review, but only to ensure that no unauthorized electronic |
| 4 | records of the Source Code are being created or transmitted in any way. |
| 5 | Notwithstanding anything else in this Order, a single webcam provided by |
| 6 | producing Party shall be located near the Source Code Computer and enabled |
| 7 | during any review session to allow such monitoring through a video |
| 8 | conferencing session.  The webcam may be positioned in a manner that avoids |
| 9 | revealing any work product by the Reviewer.  The Reviewer shall not copy, |
| 10 | remove, or otherwise transfer any Source Code Material from the Source |
| 11 | Code Computer including, without limitation, copying, removing, or |
| 12 | transferring the Source Code Material onto any recordable media or recording |
| 13 | device. The Reviewer shall be permitted to take notes relating to the Source |
| 14 | Code Material but may not copy the Source Code Material, or any portion of |
| 15 | the Source Code Material, into the notes and may not take such notes |
| 16 | electronically on the Source Code Computer itself. |

(c) The producing Party shall take reasonable efforts to provide the receiving Party and the Reviewer with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer, including by providing the time-varying passcode during the scheduled inspection;

(d) [NO CHANGE] The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above. The receiving Party's outside counsel and/or experts shall have access

to the same source code review software and tools as provided to the producing Party's outside counsel and/or experts when reviewing source code;

(e) [NO CHANGE] Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel of record in this Action and up to three (3) outside consultants or experts (i.e., not existing employees of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) [NO CHANGE] To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) [NO CHANGE] No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically, subject to the restrictions of Paragraph 16;

(h) The receiving Party shall be permitted to request a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied; printouts of Source Code that exceed 60 contiguous pages or 20% or more of a specific software release will be presumed to be unreasonable unless the receiving Party provides a compelling justification that such printed portions are necessary. The burden will be on the receiving Party to demonstrate that such portions are no more than is reasonably necessary for a permitted purpose, and not merely for the purpose of review and analysis in another location. To request printouts of Source Code Material, the receiving Party shall identify to the producing Party by file name and line number the requested files to be printed. The producing Party will prepare paper copies of the requested printouts and send the paper copies to an agreed-upon address pursuant to Paragraph 10(k) within ten (10) business days.

(i) [NO CHANGE] A receiving Party of any paper copies of Source Code Material must always keep the paper copies of the Source Code at the office of the receiving Party's outside counsel of record or experts, and in a locked storage container at the office of the receiving Party's outside counsel of record or experts when the paper copies of the Source Code are not in use. The receiving Party may not reproduce the paper copies of the Source Code, absent written agreement of the producing Party;

(j) The Parties acknowledge that depositions may be scheduled during the scope of the COVID-19 Addendum. Should a Receiving Party wish to use any

printouts of Source Code designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" at a deposition during the scope of the COVID-19 Addendum, the Receiving Party must notify the Producing Party in writing at least five (5) calendar days before the date of the deposition identifying by Bates production number the specific page(s) that the Receiving Party intends to actually mark at the deposition. For requests of Source Code that in the aggregate total 100 pages or more, the Receiving Party shall notify the Producing Party in writing at least ten (10) calendar days before the date of deposition. The Producing Party will then make printed copies of the identified Bates page(s) available to the Receiving Party at the deposition by providing printed copies to the witness and examining attorney. Copies of Source Code designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its production numbers. All printouts of Source Code designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" used during a deposition must be destroyed by the Receiving Party at the conclusion of the deposition;

(k)  [NO CHANGE] A producing Party's Source Code Material may only be transported by the receiving Party by a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, via Federal Express, or via other similarly reliable courier with tracking capabilities provided that the receiving party does not transport more than 50 pages of Source Code Material in the same package.

Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

**3. Effect on Other Paragraphs of Protective Order.** All terms of the Protective Order remain in full effect to the extent they are not expressly modified in this COVID-19 Addendum to the Protective Order.

-8-

STIPULATED COVID-19 ADDENDUM TO PROTECTIVE ORDER

| | |
|---|---|
| Dated: May 21, 2020 | By: /s/ *Kalpana Srinivasan* |
| | Kalpana Srinivasan |
| | Max L. Tribble, Jr. |
| | Krysta Kauble Pachman |
| | Jesse-Justin Cuevas |
| | **SUSMAN GODFREY L.L.P.** |
| | 1900 Avenue of the Stars, 14th Floor |
| | Los Angeles, CA 90067 |
| | ksrinivasan@susmangodfrey.com |
| | mtribble@susmangodfrey.com |
| | kpachman@susmangodfrey.com |
| | jcuevas@susmangodfrey.com |
| | Telephone: (310) 789-3100 |
| | Facsimile: (310) 789-3150 |
| | |
| | Michael F. Heim |
| | Eric Enger |
| | Blaine Larson |
| | William B. Collier, Jr. |
| | **HEIM, PAYNE & CHORUSH, LLP** |
| | 1111 Bagby St., Suite 2100 |
| | Houston, Texas 77002 |
| | mheim@hpcllp.com |
| | eenger@hpcllp.com |
| | blarson@hpcllp.com |
| | Telephone: (713) 221-2000 |
| | Facsimile: (713) 221-2021 |
| | |
| | Attorneys for Plaintiff Intellectual Pixels Limited |

-9-

STIPULATED COVID-19 ADDENDUM TO PROTECTIVE ORDER

| | |
|---|---|
| Dated: May 21, 2020 | By: /s/ *Mark. D Flanagan*<br>Mark D. Flanagan<br>Joseph F. Haag<br>S. Dennis Wang<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>James M. Dowd<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>350 South Grand Ave., Suite 2100<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5393<br>Facsimile: (213) 443-5400<br><br>Attorneys for Defendant Sony Interactive Entertainment LLC |

**IT IS SO ORDERED.**

Dated: <u>May 21, 2020</u>　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Karen E. Scott
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| INTELLECTUAL PIXELS LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC;<br><br>  Defendant. | Case No. 8:19-cv-01432-JVS-KES |

**APPENDIX A**
**UNDERTAKING OF RECIPIENT OF SOURCE CODE COMPUTER UNDER COVID-19 ADDENDUM TO PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.
My current employer is _____.
My current occupation is _____.

2. I have received a copy of the Protective Order and the COVID-19 Addendum to the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order and the COVID-19 Addendum to the Protective Order.

3. I will comply with all of the provisions of the Protective Order and the COVID-19 Addendum to the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed and in the case of designated electronic data I have received in this action, I will promptly delete it and retain no copies upon termination of this action.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. I understand that my obligations under the COVID-19 Addendum to the Protective Order and this Undertaking continue after the term of the COVID-19 Addendum to the Protective Order expires.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:

Date: